IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/16/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ELIAS ISAI AGUILAR GARCIA,                )
                                          )
                    Petitioner,           )
                                          )
        v.                                )        Case No. 26-3028-JWL
                                          )
JACOB WELSH, Warden, Chase County Jail;   )
CHRISTOPHER CHAMBERLAIN,                   )
    Assistant Direct, ICE Field Office;   )
PAMELA BONDI, Attorney General; and       )
KRISTI NOEM, Secretary,                   )
    Secretary of Homeland Security,       )
                                          )
                    Respondents.          )
                                          )
_____)

## MEMORANDUM AND ORDER

Petitioner, through counsel, has filed an amended petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the constitutionality of his bond hearing in immigration court. For the reasons set forth, the Court **denies** the petition.

Petitioner, a native of Guatemala, entered the United States without authorization in 2008. On February 6, 2026, immigration officials took petitioner into custody, and removal proceedings were subsequently initiated. He has been detained in this judicial district since that time. On February 16, 2026, petitioner filed a habeas petition, in which he claimed that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) was unlawful and that his detention was governed by 8 U.S.C. § 1226(a), which allows for release on bond. On March 3, 2026, petitioner was granted a bond hearing, and the immigration court denied

release on bond, based on its finding that petitioner "remains a danger to the community." On March 9, 2026, petitioner filed an amended petition in this Court. Respondents have filed an answer to the amended petition, petitioner has filed a traverse, and the matter is thus ripe for ruling.

In the amended petition, petitioner appears to reassert his original claim challenging his mandatory detention under Section 1225(b)(2)(A) (although he does not address that claim in the traverse). The Court denies any such claim as moot, as petitioner did receive a bond hearing, and thus he has not shown that he is being unlawfully detained without such a hearing under Section 1225(b)(2)(A).

By the amended petition, petitioner now claims that the bond hearing that he did receive was constitutionally deficient. Respondents first note that this Court lacks jurisdiction to consider a challenge to an immigration judge's bond determination. *See Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)). Respondents have not addressed, however, petitioner's argument that he does *not* challenge the immigration judge's discretionary decision regarding bond, but instead challenges the manner in which the hearing was conducted. The Court therefore assumes that it has jurisdiction to address that narrow claim as presented by petitioner.

Respondents argue that petitioner has not properly exhausted his administrative remedies by completing an appeal of the bond denial to the Board of Immigration Appeals (BIA). As a general rule, "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," although a narrow exception may apply if the petitioner demonstrates that exhaustion is futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.

2

2010).  The Court agrees with respondents that requiring petitioner to complete an appeal to the BIA would be appropriate here, as the BIA could reverse the immigration judge's denial of bond.  Petitioner argues that the BIA cannot decide the constitutional issue that he raises, but he provides no authority to support that position.  In the only case petitioner cites, the BIA stated that it had no authority to rule on the constitutionality of the statutes it administers, *see In re Cruz de Ortiz*, 25 I. & N. Dec. 601, 605 (BIA 2011); but the present case does not involve the constitutionality of any statute, but instead concerns whether a hearing was properly conducted.  Petitioner has not shown that the BIA could not consider whether the immigration judge's hearing comported with due process.  Petitioner also argues that exhaustion would be futile here because the BIA will likely adhere to its precedent holding that immigration judges lack jurisdiction to consider bond requests under Section 1225(b)(2)(A) – an argument that respondents have not addressed.  Although the Court ordinarily would require exhaustion in such a case, the Court need not decide the issue here because petitioner's claim fails on its merits.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits).

Petitioner claims that his bond hearing did not comport with due process because the day before the hearing the Government submitted redacted notes concerning a Homeland Security Investigation (HSI) that contained "unsubstantiated hearsay"; that those records were not supported by any pending arrests or charges involving petitioner; and that the immigration judge allowed those materials into the record and relied solely on the investigation.  Petitioner relies primarily on a case in which the court ruled that an immigration judge had improperly denied bond by solely relying on an uncorroborated

3

police report because such a report cannot by itself constitute clear and convincing evidence of dangerousness, under First Circuit law requiring such a burden of proof. *See Rosa Pineda v. Nessinger*, 2025 WL 3267328, at *1 (D.R.I. Nov. 24, 2025). Petitioner has not shown that such a burden was applied here or was required in his case. Moreover, petitioner has not submitted a copy of the challenged investigation report or a transcript of the bond hearing or any other evidence concerning the hearing before the immigration judge. Thus, the Court cannot determine from petitioner's submissions whether he was afforded a meaningful opportunity to be heard concerning the issue of his suitability for release on bond, and accordingly, petitioner has not shown a violation of due process.[1] The Court therefore denies the amended petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the amended petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] As the court noted in a case cited by petitioner, the habeas court cannot weigh the evidence presented to the immigration judge. *See Garcia v. Hyde*, __ F. Supp. 3d __, 2025 3466312, at *7 (D.R.I. Dec. 3, 2025).

4